1

2

3

4                    UNITED STATES DISTRICT COURT

5                           DISTRICT OF NEVADA

6  JEFFREY SMITH,                              2:99-cv-1492-LDG-LRL

7          Plaintiff,

8  and                                         **ORDER**

9  CALIFORNIA INSURANCE
   GUARANTEE ASSOCIATION,
10
           Intervenor plaintiff,
11
   v.
12
   NORTH LAS VEGAS POLICE
13 DEPARTMENT, et al.,

14         Defendants.

15

16         This matter comes before the court on defendant Estate of Hal Chesler's motion to

17 dismiss (#233, supplement #234, opposition #237, reply #239), and plaintiff's motion to

18 appoint administrator and motion to clarify employment of Chesler (#238, opposition #239,

19 response #242).[1]  Smith filed a complaint alleging, among other things, that he received a

20 closed head injury at the North Las Vegas Jail and that he was left unattended in a cell for 36

21 hours by jail officials and medical staff, resulting in brain damage.  In 1999, Smith brought a

22 complaint against some fifteen defendants alleging, among others, a violation of his eighth

23 amendment rights under § 1983 and state law tort claims, including negligence-related claims.

24

25

26         [1]After reviewing the record, the court finds no need for oral argument before ruling on
   these motions.

1    In December 2002, defendants, including Correctional Medical Services ("CMS"), a

2    Missouri company who allegedly had contracted with the jail to provide medical staffing and

3    services, filed motions for summary judgment.  On August 25, 2003, the court issued its order

4    granting the motions for summary judgment for three defendants, including CMS, and

5    denying the remaining motions (#119).  That same day, the clerk of court entered a judgment

6    based on the court's ruling (#120).  Subsequently, defendant police and correctional officers

7    appealed the court's denial of summary judgment based on qualified immunity, and the Ninth

8    Circuit affirmed (except, based on an interim change in law, as to the officer who arrested

9    Smith for failing to identify himself).

10   A.    Motion to Dismiss the Estate of Hal Chesler

11   The motion to dismiss the Estate of Hal Chesler (the "Estate") is based on two

12   arguments.  First, the Estate suggests that its substitution for Chesler was untimely pursuant to

13   Fed.R.Civ.P. 25(a)(1).  However, plaintiff filed a motion for substitution of parties and for

14   leave to file an amended complaint adding the Estate only weeks after the filing of the

15   suggestion of Chesler's death, well within the 90-day time period set forth in Rule 25(a)(1).

16   While the court denied the motion to amend without prejudice, it indicated that it would not

17   foreclose consideration of a substitution "if before the beginning of trial plaintiff can identify

18   a personal representative, or some asset of Chesler's upon which administration may be

19   founded, and an appointment of a representative may be made."  On September 18, 2003, the

20   court directed plaintiff to appoint a personal representative for Chesler by October 3, 2003, or

21   Chesler would be dismissed.  Plaintiff filed letters appointing a special administratix, Ms.

22   Rachel Riggi, on September 26, 2003.  Accordingly, the appointment was not untimely.

23   Second, the Estate argues that the time frame allotted by Rule 25(a)(1) ran in the

24   interim between Riggi's withdrawal as administratix of the Estate in May 2005, and plaintiff's

25   motion to appoint a new administrator in August 2006.  The text of Rule 25 does not indicate

26   that it applies to such transitions between administrators.  Even if Rule 25 did apply in such

2

1   circumstances, however, its operation would be inappropriate here.  When Riggi withdrew as

2   administratix, she did not notify plaintiff or the court.  Counsel for plaintiff has represented

3   that he first became aware of Riggi's withdrawal upon reading the Estate's motion to dismiss.

4   The Estate argues that in a hearing conducted before January 25, 2006, its counsel raised the

5   issue of Riggi's withdrawal.  Absent further notice of Riggi's formal withdrawal, plaintiff's

6   counsel need not have acted upon this representation.  Furthermore, according to the Estate's

7   counsel, the court instructed the Estate's counsel to work something out with plaintiff's

8   counsel.  Since there was apparently no follow-up by the Estate's counsel in that regard,

9   plaintiff's counsel had little reason to give credit to the assertion that Riggi had withdrawn.

10  Accordingly, the Estate's motion to dismiss will be denied, and the plaintiff's motion to

11  appoint a new administrator will be granted.

12  B.   Motion to Clarify Employment of Chesler

13       In his motion to clarify the court's order regarding the dismissal of CMS, plaintiff for

14  the first time questions the court's 2003 dismissal of the § 1983 and state law claims against

15  CMS.  A review of the record indicates that CMS argued for the dismissal of both the § 1983

16  and state law claims against it, and that while plaintiff argued the merits of the § 1983 claims,

17  he presented arguments only as to defendants' negligence in hiring, training and supervising

18  its employees.  The court's order analyzed only the § 1983 claim against CMS, and found it to

19  be lacking.  However, the court ordered that CMS be dismissed from the action (without

20  addressing the negligent claims).

21       As the court indicated in the hearing conducted on January 18, 2007, it never intended

22  to dismiss the state law claims against CMS, nor did it give any indication in its order that

23  those specific claims had been considered or were being summarily dismissed.  After

24  analyzing the medical defendants' liability under the deliberate indifference standard of § 1983,

25  the court ruled:

26

3

1
2
3

> Finally, Correctional Medical Services cannot be held liable in a § 1983 action for the acts of its employees under the theory of respondeat superior. Plaintiff has not raised facts to indicate that Correctional Medical Services would be independently liable in this action. Accordingly, summary judgment will be granted to defendants Hobson, Arguello and Correctional Medical Services, and denied as to defendant Chesler.

4   This language cannot be read to have addressed the negligent claims against CMS, because in a

5   negligence analysis the issue would have been not whether CMS was "independently liable," but

6   whether CMS was vicariously liable for the acts of Chesler under the doctrine of respondeat

7   superior.

8        The court need explore no further whether plaintiff's motion for clarification presents a

9   Fed. R. Civ. P. 60(b) issue. That rule provides relief from final judgments. This case involves

10   multiple parties and claims, and Fed. R. Civ. P. 54(b) controls. Rule 54(b) rule provides:

11
12
13
14
15
16

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however distinguished, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties.

16
17        Here, the court's August 25, 2003, order granted summary judgment to fewer than all of

18   the claims and parties in the case. While the clerk of court entered judgment for CMS and other

19   defendants based on the order, the court made no express determination that there is no just reason

20   for delay, nor expressly directed entry of judgment.[2] Nor did CMS seek such measures following

21   the entry of the August 25, 2003, order. Accordingly, since the order adjudicated fewer than all of

22   the claims or the rights and liabilities of all of the parties, the order is subject to revision at any

23   time before entry of a final judgment.

24

25   ――――――――――――

26      [2]LR 77-1 does not authorize the clerk of court to enter judgment pursuant to Rule 54 without further direction by the court.

1    Under these circumstances, plaintiff is correct that final judgment has never been entered in

2    favor of CMS, and plaintiff could neither have previously appealed the ruling as of right, nor

3    sought relief from judgment pursuant to Rule 60.  Furthermore, the court finds the delay in

4    bringing the motion for clarification is not unreasonable given the intervening qualified immunity

5    appeal, and CMS' own inaction in seeking to clarify the scope and operation of the August 25,

6    2003, order or, at a minimum, seeking entry of a final judgment.  Nor has CMS suffered undue

7    prejudice from the delay; the trial date has been continued approximately six months without

8    objection, and the court will provide an additional opportunity for the parties to conduct additional

9    discovery related to plaintiff's claims against CMS.  Accordingly, the court will grant plaintiff's

10   motion for clarification and order that the August 25, 2003, order be modified to deny CMS'

11   motion for summary judgment as to plaintiff's state-law claims.[3]

12       THE COURT HEREBY ORDERS that the Estate of Hal Chesler's motion to dismiss

13   (#233) is DENIED.

14       THE COURT FURTHER ORDERS that plaintiff's motion to appoint administrator and

15   motion to clarify employment of Chesler (#238) is GRANTED, in part.  The court's order dated

16   August 25, 2003, is hereby MODIFIED to the extent that CMS' motion for summary judgment is

17   DENIED as to the state law causes of action.

---

22   [3]Plaintiff also seeks clarification of the court's dismissal of the § 1983 claims against
23   CMS.  Plaintiff has presented no basis for reconsideration, however.  Principles of § 1983
     municipal liability apply equally to private corporations and their employees acting under color
24   of state law.  This means that private corporations are not liable under § 1983 for torts committed
     by its employees when such liability is predicated solely upon the theory of respondeat superior.
25   Rather, such liability exists only when official policy or custom of the corporation, or actual
     involvement by the corporation, causes the alleged deprivation of federal rights.  Here, plaintiff
26   did not tender evidence that would create a genuine issue of material fact concerning CMS'
     failure to supervise or hire, or the existence of a custom or practice, that would give rise to such
     potential liability.

1        THE COURT FURTHER ORDERS that to the extent that the parties wish to conduct

2  further discovery regarding CMS' liability, the discovery period is hereby reopened for a period of

3  sixty (60) days from the date of the filing of this order.

4

5        DATED this ___6___ day of  February, 2007.

6

7

8        _____

9        Lloyd D. George
          United States District Judge